## Martin et al. v. Commonwealth.

(Decided December 17, 1929.)

MARION ATKINSON and A. H. STAMPER for appellants.

JAMES W. CAMMACK, Attorney General, DOUGLAS VEST and W. J. BAXTER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On November 21, 1924, Mass Martin was indicted by the grand jury of Powell county for a violation of the Prohibition Act. The indictment charged a misdemeanor and not a felony. The clerk was directed to issue a bench warrant, and the sheriff was authorized to take bail in the sum of $500. Defendant was arrested, and on February 12, 1926, executed a bail bond with Rettie Martin as surety. On the calling of the case at the March, 1926, term, it was reassigned and set for trial on the eighth day of that term. When called on that day, it

was continued by agreement of parties and set for trial on the third day of the next June term. When called at the June term, it was continued and set for trial on the third day of the next November term. When called on that day, it was continued. At the following March term, 1927, a bench warrant was ordered to be issued on motion of the commonwealth. Following this order, a bench warrant for the arrest of the defendant was issued, and the defendant was authorized to give, and the sheriff to take, bail in the sum of $500. On November 21, 1927, the defendant was arrested and executed a bail bond with Walter Martin as surety, by which they undertook that defendant would appear before the court at the time and place stated in the bench warrant to answer the charge, and that he would at all times render himself amenable to the orders and process of the court in the prosecution of said charge, and, if convicted, would render himself in execution thereof. On June 25, 1928, the second bond was forfeited, and the sureties were summoned to appear at the following November term of the court to show cause why judgment should not be taken against them. Summons was duly executed, and, on the calling of the case at the November term of the court, the following responses were filed through two different attorneys:

"Comes the defendant and for answer herein states that the principal M. G. Martin, appeared in this court on the day his case was set down for trial, and that he was convicted by a jury and by them sentenced to a term in the Frankfort Reformatory of 18 months, and that the said M. G. Martin did render himself at all times subject to the orders of this court in the prosecution of the charge against him, and has rendered his body in execution of the final judgment in that prosecution and is now confined in the Reformatory at Frankfort."

"Comes the defendant, Walter Martin, and for answer to the forfeiture of the defendant Mass Martin's bond on the 25th day of June, 1928 on the charge of selling spirituous, vinous and malt liquors and says that he signed M. F. Martin's bond for his appearance at the next term of this court on the 21st day of November, 1927, and that on the day after said bond was forfeited he went in person to have

M. G. Martin to surrender himself in execution according to stipulations of said bond and for answer the defendant Walter Martin says that the defendant Mass Martin was never tried on the indictment against him on which the bond was forfeited and same is a misdemeanor and that the defendant Mass Martin is now in the State Reformatory at Frankfort Kentucky, surrendering himself to the Jailer of Powell County and that he was at once taken to said reformatory. Wherefore the defendant Walter Martin asks that said forfeiture of said bond be set aside and that he be released therefrom.''

The demurrer of the commonwealth to these responses was sustained, and, the defendant Walter Martin having declined to plead further, judgment was rendered in favor of the commonwealth for the sum of $500 with interest from November 28, 1928, until paid together with costs. From that judgment this appeal is prosecuted.

It will be observed that, in the first mentioned response the surety Walter Martin pleaded in substance that the defendant M. G. Martin appeared in court on the day his case was set for trial, and that he was convicted and sentenced to a term in the Frankfort Reformatory. As the indictment under which the defendant was arrested charged only a misdemeanor, for which he could not have been sentenced to the reformatory, it is apparent that the response referred to a crime other than the one referred to in the bail bond in question. The substance of the second response is that on the day after the bond was forfeited appellant went in person to have M. G. Martin surrender himself; that the defendant Mass Martin was never tried on the indictment, and at the time of the response was in the state reformatory at Frankfort. It is not alleged that M. G. Martin did surrender himself, or that he was in the state reformatory at the time the misdemeanor case in question was called for trial. In the circumstances no facts were alleged showing why appellant should not be held liable on the bond. Nor is there any merit in the contention made in brief that appellant was not liable because the charge was a misdemeanor and defendant could have been tried in his absence. In the bond in question appellant undertook that the defendant M. G. Martin would appear before the court at the time and place stated in the bench warrant

to answer the charge therein stated. The record shows that he failed to appear. There being a breach of the bond, appellant became liable unless he pleaded and showed facts that would excuse him from liability. Having failed to do this by the responses which he filed, the court did not err in rendering judgment against him.

Judgment affirmed.